NOT DESIGNATED FOR PUBLICATION

No. 121,102

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDY A. WOLF,
*Appellant*.


MEMORANDUM OPINION

Appeal from Lyon District Court; W. LEE FOWLER, judge. Opinion filed April 10, 2020. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM: On direct appeal, Randy Wolf challenges the sufficiency of the evidence supporting his jury conviction for possession of methamphetamine in violation of K.S.A. 2018 Supp. 21-5706. He argues that the State's evidence was insufficient to convict him of this crime because the State never proved he "knowingly" possessed methamphetamine as required under K.S.A. 2018 Supp. 21-5706. Because we conclude sufficient evidence existed that his possession of methamphetamine was knowing, we affirm.

1

On August 21, 2018, Emporia Police Investigator Dominick Vortherms stopped a car in which Randy Wolf was a passenger. Vortherms told Wolf that there was an active warrant for his arrest and asked him to step out of the car. Vortherms then placed Wolf under arrest and searched Wolf's pocket.

Vortherms removed a wallet from Wolf's pockets. When asked, Wolf told Vortherms there were just some receipts in the wallet. Vortherms searched the wallet and located a small baggie with methamphetamine residue. Upon seeing the residue in the baggie, Vortherms told Wolf he believed that it was methamphetamine. Wolf told him that it was not.

The State charged Wolf with possession of methamphetamine in violation of K.S.A. 2018 Supp. 21-5706. Wolf decided to be tried by a jury.

At trial, a KBI forensic scientist testified that testing showed the residue in the seized baggie was methamphetamine. The forensic scientist stated that he could see a dusty residue inside the baggie. To test it, he scraped the inside of the baggie with a spatula or pipette to collect the residue.

Based on this evidence, the jury found Wolf guilty of possession of methamphetamine. Wolf timely appeals his conviction.

*Was the Evidence at Trial Sufficient to Prove That Wolf Knowingly Possessed Methamphetamine?*

Our Supreme Court has outlined the following standard of review for cases in which sufficiency of the evidence is at issue:

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

Except as otherwise provided, a culpable mental state is an essential element of every crime. K.S.A. 2018 Supp. 21-5202. "Possession" under K.S.A. 2018 Supp. 21-5706 means having joint or exclusive control over an item with knowledge of and intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control. K.S.A. 2018 Supp. 21-5701(q). A person acts "knowingly," or "with knowledge," with respect to the nature of such person's conduct or to circumstances surrounding such person's conduct when such person is aware of the nature of such person's conduct or that the circumstances exist. K.S.A. 2018 Supp. 21-5202(i).

Wolf here argues that under the facts, the State failed to prove that he acted "knowingly," which is the requisite culpable mental state to possess methamphetamine in violation of K.S.A. 2018 Supp. 21-5706. Wolf argues that an amount of controlled substance can be so small that a defendant may not know of its presence; and thus, the defendant does not "knowingly" possess the substance. He further argues that "[p]ossession of methamphetamine cannot be proved by simply showing that methamphetamine is found on one's person." Wolf concludes that the State's evidence in his case was insufficient because the State never proved that he knew the baggie was in his wallet or that the baggie contained methamphetamine residue.

The State, however, argues that the evidence was sufficient to support the jury's verdict. The State contends that the presence of drugs on a defendant's person allows a jury to make a reasonable inference that the defendant knowingly possessed the drugs.

3

The State also asserts that if an item over which a defendant has some measure of control has visible drug residue on it, there is sufficient evidence of knowledge.

In *State v. Graham*, 244 Kan. 194, 768 P.2d 259 (1989), our Supreme Court considered a case where the defendant made similar arguments about knowledge. When Ronald Graham was arrested on a failure to appear warrant, the arresting officer found cocaine in Graham's jeans pocket and his jacket pocket. 244 Kan. at 195. Graham argued at trial, and on appeal, that he had spent the night at a friend's home and was wearing that friend's pants and jacket. And, therefore, he argued that he had no knowledge of the cocaine in the pockets. Our Supreme Court, however, reasoned that the jury could infer from the evidence that Graham knew of the cocaine in his pockets. 244 Kan. at 206.

The baggie here was in Wolf's wallet and the wallet was removed from his pocket. Unlike Graham, Wolf acknowledged it was his wallet rather than maintaining it belonged to someone else. The jury thus had even more reason to infer knowledge of possession than it did in *Graham*. And Wolf's wallet and the baggie in his wallet were both in his possession and under his control.

Given our Supreme Court's precedent in *Graham* and our deferential standard of review, when viewed in the light most favorable to the State, the facts support finding Wolf guilty beyond a reasonable doubt of possession of methamphetamine. Thus, sufficient evidence existed to support Wolf's conviction.

Affirmed.